UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 2:23-cr-110-SPC-NPM

COROY DONTAVIA FLOURNOY

## OPINION AND ORDER

Before the Court is Defendant Coroy Flournoy's Motion to Correct Sentencing Orders and Award Additional Jail Time Credit. (Doc. 74). The Government has not filed a response. Regardless, for the following reasons, the motion is denied.

Defendant explains that in April 2025, he was sentenced in Lee County to 48 months' imprisonment and 795 days' credit for jail time served to run concurrent with his federal sentence. (Doc. 74 at 2). He states he was held in continuous custody in Lee County for 485 days. And this Court sentenced him to 41 months' imprisonment in June 2024. (Doc. 51).

Defendant asks the Court to direct the Bureau of Prisons to calculate and award full federal jail credit under 18 U.S.C. § 3585(b) for the period from February 21, 2023, to June 17, 2024; order that he be awarded an additional 485 days of federal jail credit to run concurrent with his sentence; find that his lawyer's failure to timely raise and preserve his credit claims constitutes

ineffective assistance of counsel in violation of his Sixth Amendment rights; and, alternatively, schedule an evidentiary hearing to resolve these issues.

The Court lacks statutory authority to grant Defendant the relief he seeks. It is up to the Attorney General, not the courts, to determine the amount of a defendant's jail-time credit. *United States v. Wilson*, 503 U.S. 329, 334–35 (1992). "The granting of credit for time served 'is in the first instance an administrative, not a judicial, function.'" *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) (quoting *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989)). "A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *Id.* (citing *Flanagan*, 868 F.2d at 1546).

Here, there is no evidence that Defendant has exhausted his administrative remedies within the Bureau of Prisons regarding the calculation of jail-time credits. As such, the Court cannot grant him credit for the time he spent in Lee County.

Accordingly, it is now

**ORDERED:**

Defendant Flournoy's Motion to Correct Sentencing Orders and Award Additional Jail Time Credit (Doc. 74) is **DENIED**.



SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

**DONE AND ORDERED** in Fort Myers, Florida on July 24, 2025.

Copies: All Parties of Record